WILLIAM McKINLEY, R. W. HOOD AND J. R. EBERSOLE

*v.*

STATE OF ILLINOIS.

*Opinion filed January 31, 1911.*

1. CORPORATIONS—*license fees.*

"That all companies and corporations hereafter organized under the laws of the State of Illinois, before they shall be permitted to file any papers in the office of the Secretary of State, or make any application for the purpose of becoming incorporated, shall pay to him fees as follows: All companies having a capital stock of * * * $5,000.00, shall pay the sum of $50.00."

Hurd's Rev. Stat., 1909, chap. 53, par. 10a.

2. LICENSE FEE—*when no recovery of.* Where an application for a license to open books for subscription to the capital stock of a corporation is made, accompanied by the license fee, and the license issued, no refund of the fee or any part thereof can be made, no matter whether the books were opened or not, or whether the incorporation was completed or not.

3. SAME—*retention by State.* The retention of the license fee by the Secretary of State is in no way conditional upon the Commissioners taking any further steps.

E. P. Field, for Claimant.

W. H. Stead, Attorney General, for State.

The statement of claim in this case shows that William McKinley, R. W. Hood and J. R. Ebersole, claimants, did on October 22, 1904, file in the office of Honorable James A. Rose, Secretary of State of Illinois, a statement duly signed and acknowledged according to law, for the purpose of forming a corporation to be known as "The Monmouth Military Tract Bindery," with a capital stock of five thousand ($5,000.00) dollars; that in pursuance of the filing of said statement the Secretary of State issued to said applicants, as Commissioners, a license to open books for subscription to the capital stock of said corporation, and that after said license was issued, books were not opened by said Commissioners for subscription to the capital stock of

said corporation, and that after the issuance of said license no action whatever was taken to complete the organization of said corporation.

To this claim the State of Illinois, by W. H. Stead, Attorney General, filed a general demurrer. The ground of demurrer on the part of the State is that the fee in question was paid voluntarily and that it is indivisible.

The Court is of the opinion that the contention of the State is well founded. The provision of the statute in reference to the case at bar is par. 10a, chap. 53, Hurd's Revised Statutes 1909, which is as follows: "That all companies and corporations hereafter organized under the laws of the State of Illinois, before they shall be permitted to file any papers in the office of the Secretary of State or make any application for the purpose of becoming incorporated, shall pay to him fees as follows: All companies having a capital stock of * * * $5,000.00 shall pay the sum of $50.00."

From this provision of the law it is clear that payment of the sum of fifty dollars ($50.00) was a requirement which must be complied with, before the Secretary of State could issue any papers whatever, and the retention of the fee by the Secretary of State is in no way made conditional upon the Commissioners taking further steps.

The law does not make this fee divisible, and this Court has no authority to decide this case contrary to the plain provisions of the law.

The Act creating the Court directs, sec. 5, par. 333, chap. 37, " * * * such Court shall hear such claims according to its rules and established practice and determine the same according to the principles of equity and justice except as otherwise provided in the laws of this State. * * *."

It is clear from the language of the Act just quoted, that this Court has no authority to arbitrarily dis-

regard the plain provision of the law involved in this case, as contended for by attorney for claimants, on the ground of equity and justice.

This Court is bound by the plain provision of this law and is not authorized to legislate in favor of claimants. The demurrer is therefore sustained and the case is dismissed.